UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SHEREE LOGAN, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) VERIFIED COMPLAINT |
| BOUNCE ENERGY, | ) |
| Defendant. | ) |

Plaintiff, SHEREE LOGAN, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby alleges against Defendant, BOUNCE ENERGY (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., (hereinafter "TCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Coppell, Texas, 75019 and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a Delaware corporation doing business in the State of Texas, with its registered agent as Corporate Creations Network, Inc. located at 4265 Sanfelipe #1100 in Houston, Texas 77027.

## FACTUAL STATEMENT

6. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 5 above and incorporates them as if set forth specifically herein.

7. Defendant has engaged in a course of activity intent on the collection of a debt derived from transactions of a personal, family, or household nature.

8. To this end, the collection of a consumer debt, Defendant has made numerous calls to Plaintiff's cellular phone ending with the last four digits: 2929.

9. Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to her cellular phone, or any other device, which utilize an automated dialer system or that contain pre-recorded messages.

10. To the extent that any consent may have been provided, such consent was revoked. Specifically, on July 21, 2015, Plaintiff specifically told Defendant to stop calling her.

11. Despite the lack of consent, from July 22, 2015 up until the present, Defendant has called plaintiff an estimated thirty (30) times.

12.     Upon information and belief, all calls placed by Defendant, to Plaintiff, were done so utilizing an automated dialer system, as same is defined by the TCPA.

13.     Upon information and belief, Defendant was knowledgable of the fact that the calls were being placed to a cellular device.

14.     Upon information and belief, Defendant was knowledgeable that all calls placed were done so utilizing an automated dialer system.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

15.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 14 above and incorporates them as if set forth specifically herein.

16.     Defendant has engaged in a course of activity intent on the collection of a debt derived from transactions of a personal, family, or household nature.

17.     To this end, the collection of a consumer debt, Defendant has made numerous calls to Plaintiff's cellular phone ending with the last four digits: 2929.

18.     Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to her cellular phone, or any other device, which utilize an automated dialer system or that contain pre-recorded messages.

19.     To the extent that any consent may have been provided, such consent was revoked. Specifically, on July 21, 2015, Plaintiff specifically told Defendant to stop calling her.

20.     Despite the lack of consent, from July 22, 2015 up until the present, Defendant has called plaintiff an estimated thirty (30) times.

21. Upon information and belief, all calls placed by Defendant, to Plaintiff, were done so utilizing an automated dialer system, as same is defined by the TCPA.

22. Upon information and belief, Defendant was knowledgable of the fact that the calls were being placed to a cellular device.

23. Upon information and belief, Defendant was knowledgeable that all calls placed were done so utilizing an automated dialer system.

24. Defendant's actions constitute a minimum of thirty (30) separate violations of 47 U.S.C. §227(b)(1)(A)(iii), to which their falls no exemption to Defendant's behavior.

25. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Sheree Logan, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the TCPA;

b. Enter judgment against Defendant for all violations of 47 U.S.C. § 227b(1)(A)(iii) and award treble damages for all violations the Court deems willful; and

c. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

26. Plaintiff demands a jury trial on all issues so triable.

Dated this 9th of October, 2015

                                              Respectfully Submitted,

                                              _/s/ Seth Crosland_____
                                              Seth Crosland, Esq.
                                              Crosland Law Firm
                                              121 West Hickory St. Suite 103
                                              Denton, TX 76201
                                              Tel: (214) 810-5401
                                              seth@scroslandlaw.com

# Exhibit A

## VERIFICATION OF COMPLAINT AND CERTIFICATION

**STATE OF TEXAS**

Plaintiff, SHEREE LOGAN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to and Defendants(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C § 1746(2), I, SHEREE LOGAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Date: 10/9/15                                           _____
                                                        SHEREE LOGAN